## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.D., R.T., K.D., and T.T.**

**No. 24-623** (Wyoming County CC-55-2023-JA-26, CC-55-2024-JA-27, CC-55-2023-JA-27, and CC-55-2023-JA-28)

## MEMORANDUM DECISION

Petitioner Mother R.C.[1] appeals the Circuit Court of Wyoming County's September 24, 2024, order terminating her parental rights to J.D., R.T., K.D., and T.T., arguing that the circuit court erred in terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in June 2023 after the petitioner was observed to be under the influence of drugs while attempting to obtain a domestic violence protective order against the father of R.T. and T.T. The DHS alleged that the petitioner's home was cluttered, unsanitary, and unsafe for the children and that her illicit drug use constituted a threat to the children's safety. Shortly thereafter, the petitioner tested positive for amphetamine and methamphetamine but denied any drug use other than marijuana. In October 2023, the circuit court held an adjudicatory hearing at which the petitioner stipulated to the allegations contained in the petition. Based on her admission, the court found that the children were abused and/or neglected children.[3] The petitioner was granted a post-adjudicatory improvement period, the terms of which required that she submit

---

[1] The petitioner appears by counsel Lela D. Walker. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen E. Ross. Counsel Latachia Miller appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Later, the DHS filed an amended petition after the petitioner gave birth to R.T., who was born with withdrawal symptoms and tested positive for Subutex and marijuana. The amended petition also included an additional child, K.T., who is not at issue in this appeal.

1

to random drug tests, maintain weekly contact with the DHS, cooperate with services, and submit to a parenting assessment.

The dispositional hearing occurred in September 2024. A DHS worker testified that the petitioner continued to have positive drug screens. Specifically, upon giving birth to R.T., the petitioner tested positive for methadone and marijuana. The DHS worker explained that the petitioner refused to participate in required drug screens after testing positive for gabapentin, for which she did not have a valid prescription, on August 22, 2024. Additionally, the DHS worker testified that the petitioner had not seen the children or contacted the DHS since July 2024. The circuit court found that the petitioner failed to participate in services provided by the DHS and was noncompliant with the terms and conditions of her improvement period and visitation. The court also found that the petitioner continued to use drugs and failed to maintain a suitable home for the children. Ultimately, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of the petitioner's parental rights was necessary for the children's welfare. Therefore, the circuit court terminated the petitioner's parental rights to J.D., R.T., K.D., and T.T. It is from the dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating her parental rights and should have employed a less restrictive dispositional alternative.[5] However, the petitioner ignores the fact that "[t]ermination of parental rights . . . may be employed without the use of less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Indeed, situations in which there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected include when

> [t]he abusing parent or parents have habitually used or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed

---

[4] The permanency plan for J.D. and K.D. is to continue residing with their nonabusing father. The permanency plan for R.T., and T.T. is reunification with their father after successful completion of his improvement period.

[5] The petitioner also argues that it was improper to terminate her parental rights because her apartment complex stole and discarded her "unimportant" mail, which included many notices of the dispositional hearing. However, the petitioner fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure in that her brief does not "includ[e] citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Given that Rule 10(c)(7) permits this Court to "disregard errors that are not adequately supported by specific references to the record on appeal," we refuse to address this argument.

through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

W. Va. Code § 49-4-604(d)(1). Here, there is sufficient evidence to support the circuit court's finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future, including the petitioner's continued drug use and failure to cooperate with her improvement period. Additionally, the court found that termination of the petitioner's parental rights was necessary for the children's welfare. Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (allowing a court to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse and be substantially corrected in the near future and[] when necessary for the welfare of the child"); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). As such, we decline to disturb the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 24, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

3